**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

| | |
|---|---|
| Charles Joseph | 32 Broadway, Suite 601 D. |
| Maimon Kirschenbaum | New York, NY 10004 |
| Denise Schulman | Phone (212) 688-5640 |
| Josef Nussbaum | Fax (212) 688-2548 |
| Lucas C. Buzzard | www.jk-llp.com |
| Leah Seliger | |
| Michael DiGiulio | |

July 14, 2025

**VIA ECF**

Hon. Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** *Fabiana Medina v. Casa Ora, LLC, et al.* – Case No. 1:25-cv-2313 – Letter For Permission to File Motion for Class Certification, to Seek Class Discovery, and to Adjourn Current Default Motion Deadline

Dear Judge Chen,

We represent Plaintiff Fabiana Medina in the above-referenced action. As your Honor is aware, on June 20, 2025 the Clerk of the Court entered a Certificate of Default against all Defendants in this action. *See* Dkt. No. 10. On June 24, 2025, this Court ordered Plaintiff to file a motion for default judgment by August 20, 2025. *See* June 24, 2025 Minute Order. We respectfully write to request that the Court: 1) grant Plaintiff leave to file a motion for class certification prior to moving for a default judgment; 2) grant Plaintiff leave to seek class discovery from Defendants and a third-party; and 3) adjourn Plaintiff's deadline to file a motion for default judgment until after Plaintiff has filed a motion for class certification.

## Background

Plaintiff brings this class action against Defendants under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") on behalf of herself and other similarly situated. Dkt. No. 1. Plaintiff worked for Defendants' restaurant as a sever and alleges that Defendants violated the law by stealing tips, by failing to pay the minimum wage and overtime rates of pay, and by failing to provide adequate wage notices and pay stubs. Dkt. No. 1, ¶¶ 33-55. Plaintiff brings this action on behalf of herself and all other tipped employees who worked at Defendants' restaurant from April 25, 2019 through the present.

## Plaintiff's Requests

First, Plaintiff respectfully requests permission to file a motion for class certification prior to moving for a default judgment. *See e.g., Pichardo v. Bos. Post Food Corp.*, Case No. 22-CV-9157, 2025 U.S. Dist. LEXIS 72222, at *5 (S.D.N.Y. Apr. 16, 2025) (holding that where a defendant defaults, a plaintiff may pursue class certification only if it does so before entry of default judgment). Here, the complaint clearly indicates that this is a putative class action, and thus Defendants were on

notice that Plaintiff intended to pursue this course of action. *See id.* ("A motion is not untimely if a defendant[] had ample notice that the action was a putative class action, such as where the caption and prayer for relief [in the plaintiff's] prior complaints indicated its intent to seek class status….") (citation and quotations omitted). Accordingly, Plaintiff respectfully requests permission to file a motion for class certification first and to later file a motion for default judgment after the Court renders a decision on the certification motion.

Second, Plaintiff respectfully requests that the Court grant Plaintiff leave to seek class discovery from Defendants and from a third-party witness. *See*, *e.g.*, *Henriques v. William James Bushell Corp.*, Case No. 23-cv-2990, 2023 U.S. Dist. LEXIS 155157, at *3-4 (S.D.N.Y. Sept. 1, 2023) (granting Plaintiff leave to serve subpoenas on Defendant and a third-party witness to obtain class discovery in a wage and hour class action after the Court entered a certificate of default). Specifically, Plaintiff seeks to serve a subpoena on each Defendant seeking information and documents related to payroll records, timesheets, wage statements, wage notices, and tip pool records related to all putative class members from the statute of limitations period and an interrogatory on the corporate defendant seeking the name of Defendants' payroll service provider.[1] In addition, Plaintiff seeks to serve a subpoena on Defendants' payroll service provider, seeking all wage statements for all former or current tipped employees for the six-year statutory period.

While the parties have not conferred under Federal Rule of Civil Procedure 26(a), because Defendants have defaulted in this action, a party may still obtain discovery "in advance of such a conference" if the party seeking discovery has met a "flexible standard of reasonable and good cause." *Id.* at *3. Here, Plaintiff's requests are reasonable and there is good cause to allow the requested discovery. Plaintiff's burden on a class certification motion includes establishing numerosity, commonality, typicality, and predominance. *See William v. Kucoin*, Case No. 20-cv-2806, 2021 U.S. Dist. LEXIS 204334, at *11 (S.D.N.Y. Oct. 21, 2021) (noting that "a defaulting defendant does not admit conclusions as to class certification, rather the Court must independently assess whether the requirements of Rule 23 have been met"). Plaintiff's discovery requests seek information directly related to these factors, including documents that will establish the number of class members and show that all class members were subject to common, unlawful payroll practices and seeks information directly related to class-wide damages. *Henriques*, 2023 U.S. Dist. LEXIS 155157, at *4. As such, there exists good cause for this discovery.

Third, Plaintiff respectfully requests that the August 20, 2025 deadline for Plaintiff's motion for a default judgment be adjourned until after Plaintiff obtains the discovery described herein, moves for class certification under Rule 23, and the Court has decided the motion.

We thank your Honor for your careful consideration of this matter.

Respectfully Submitted,

/s/ Michael DiGiulio
Michael DiGiulio
32 Broadway, Suite 601
New York, NY 10004

---

[1] Plaintiff is unaware of the identity of Defendants' payroll service provider. The name of Defendants' payroll service provider is not on the paystubs that Plaintiff received from Defendants.

Tel: 212-688-5640

*Attorney for Plaintiffs*